1

2

3

4

5

6
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
7
AT TACOMA

8
RANCE LANCE COX,

9
               Petitioner,
CASE NO. C14-5613 BHS-JRC

10
    v.
REPORT AND RECOMMENDATION

11
MIKE OBENLAND,
NOTED FOR:
FEBRUARY 27, 2015

12
               Respondent.

13

14
      The District Court referred this petition for a writ of habeas corpus, filed pursuant to 28

15
U.S.C. § 2254, to United States Magistrate Judge J. Richard Creatura.  The referral is made

16
pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and

17
MJR4.

18
      The Court recommends dismissal of this habeas corpus petition because petitioner filed

19
his petition several years after the one-year statute of limitation found in 28 U.S.C. §2244(d) had

20
elapsed.

21
BASIS FOR CUSTODY

22
      A Pierce County jury convicted petitioner of first degree murder and attempted first

23
degree murder in 1993 (Dkt. 11, Exhibit 12 (Ruling Denying Review in the Washington

24
Supreme Court, opening paragraph)).  The trial court has sentenced petitioner three times (Dkt.

1    11, Exhibits 5 and 10 (Washington State Court of Appeals decisions dismissing personal restraint

2    petitions)).  The trial court last sentenced petitioner in 2005.  The trial court's 2005 sentence

3    resulted in a two hundred and sixty-one month sentence for the first degree murder conviction

4    and a one hundred and eighty month sentence for the conviction for attempted first degree

5    murder.  Petitioner's sentences run consecutively (Dkt. 11, Exhibit 1).

6                              FACTS AND PROCEDURAL HISTORY

7              Petitioner's last resentencing occurred on November 4, 2005 (Dkt. 11, Exhibit 1).

8    Petitioner did not file an appeal or personal restraint petition challenging his last resentencing

9    until January 13, 2013 (Dkt. 11, Exhibit 3).  Petitioner filed his first personal restraint petition

10   over seven years after his state sentence had become final.  The Washington State Court of

11   Appeals dismissed the first petition as untimely (Dkt. 11, Exhibit 5).  On January 18, 2013,

12   within five days of filing his first petition, petitioner filed a second petition, which the

13   Washington State Court of Appeals also dismissed as untimely (Dkt. 11, Exhibit 10).

14             Petitioner asked the Washington State Supreme Court for discretionary review of the

15   dismissal of his second personal restraint petition (Dkt. 11, Exhibit 11).  Petitioner argued that

16   the trial court used incorrect information is sentencing him by including a 1992 vacated

17   conviction in his offender score (*id*.).  The Washington Supreme Court Commissioner held that

18   petitioner met an exception to the state statute of limitation, but that the issue was meritless (Dkt.

19   11, Exhibit 12).  Petitioner's issue failed because Pierce County re-tried petitioner on the 1992

20   crime that had been vacated.  The Pierce County Superior Court found him guilty of the same

21   crime in December of 2011 (Dkt. 11, Exhibit 12, p. 2).  Thus, no relief could be granted through

22   a personal restraint petition because if the trial court re-sentenced him again, the same offender

23   score would apply (*id*.).

24

1    Petitioner raises completely different grounds for relief in his federal habeas corpus

2    petition (Dkt. 3).  Petitioner argues that his sentence is unlawful because the trial judge was

3    unaware that he had discretion to impose a below the range exceptional sentence and run

4    petitioner's sentences concurrently (Dkt. 3, p. 2).  Petitioner also argues that his petition is not

5    time barred because the sentence in invalid on its face (*id.*).

6                              EVIDENTIARY HEARING NOT REQUIRED

7    Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C.

8    §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the

9    factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a

10   new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

11   Court that was previously unavailable, or if there is (2) a factual predicate that could not have

12   been previously discovered through the exercise of due diligence; and (B) the facts underlying

13   the claim would be sufficient to establish by clear and convincing evidence that but for

14   constitutional error, no reasonable fact finder would have found the applicant guilty of the

15   underlying offense.  28 U.S.C. §2254(e)(2) (1996).

16   Petitioner's claims do not rely on a new rule of constitutional law, made retroactive to

17   cases on collateral review by the Supreme Court that was previously unavailable.  Further, there

18   are no factual issues that could not have been previously discovered by due diligence.  Petitioner

19   does not contest his guilt.  Instead petitioner argues that the trial court could have run his

20   sentences concurrently (Dkt. 3).  This Court concludes that an evidentiary hearing is not

21   necessary to decide this case.

22   //

23   //

24

1

STANDARD OF REVIEW

2

Federal courts may intervene in the state judicial process only to correct wrongs of a

3

constitutional dimension. *Engle v. Isaac*, 456 U.S. 107, 119 (1983). 28 U.S.C. § 2254 explicitly

4

states that a federal court may entertain an application for writ of habeas corpus "only on the

5

ground that [petitioner] is in custody in violation of the constitution or law or treaties of the

6

United States." 28 U.S.C. § 2254(a). The Supreme Court has stated that federal habeas corpus

7

relief does not lie for mere errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Lewis*

8

*v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

9

Federal habeas corpus petitions are subject to a statue of limitations under the 1996

10

amendments to 28 U.S.C. § 2244(d), as part of the Antiterrorism and Effective Death Penalty

11

Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

12
13

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

14

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

15

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

16
17

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

18
19

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

20
21
22

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

23

24

1    Pursuant to 28 U.S.C.A. § 2244(d)(1)(A), the limitation period begins on the date on

2 which the state court judgment became final by the conclusion of direct review or the expiration

3 of time for seeking such review.

4                                                    DISCUSSION

5    A.    The federal statute of limitations.

6    Petitioner had one year from the date his 2005 resentencing became final to file a federal

7 habeas corpus action.  The trial court resentenced petitioner on November 4, 2005 (Dkt. 11,

8 Exhibit 1).  Petitioner had thirty days, until December 4, 2005, to file an appeal.  Petitioner did

9 not file an appeal.  The one year statute of limitation began to run on December 5, 2005.  The

10 statute ran until December 5, 2006.  On December 6, 2006, petitioner could no longer file a

11 federal habeas corpus petition challenging his sentence.  Petitioner did not file his habeas corpus

12 action until August 1, 2014 (Dkt. 1).  The statute of limitations expired over seven years before

13 petitioner filed his federal habeas corpus petition.

14    Petitioner's argument that the time frames do not apply because his sentence is invalid on

15 its face is without merit (Dkt. 3).  Petitioner's argument provided cause for a late filing in state

16 court (Dkt. 11, Exhibit 12).  *See also,* RCW 10.73.100.  The time for filing in federal court is

17 controlled by 28 U.S.C.A. § 2244(d), not RCW 10.73.100.  Petitioner's personal restraint

18 petitions, filed in 2013, are irrelevant to the federal statute of limitations because the time for

19 filing in federal court had already expired.

20    B.    Statutory tolling.

21    28 U.S.C. § 2244(d)(2) provides for statutory tolling of the one year time frame while a

22 properly filed state petition is pending.  Here, petitioner did not file anything that would toll the

23 running of the one-year statute of limitations.  The one-year statute of limitations expired several

24

1  years before petitioner filed his first personal restraint petition in 2013.   Petitioner fails to show

2  that statutory tolling is available.

3          C.       Equitable tolling.

4          The one-year statute of limitations under 28 U.S.C. § 2244(d) is subject to equitable

5  tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to

6  file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (*quoting Calderon*

7  *v. United States Dist. Court*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc)) (other citations

8  omitted). "When external forces, rather than a petitioner's lack of diligence, account for the

9  failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."

10  *Id.*  However, "equitable tolling is unavailable in most cases." *Miles*, 187 F.3d at 1107 (*citing*

11  *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997)).  To obtain equitable

12  tolling, petitioner has the burden of showing both that petitioner pursued his rights diligently, and

13  that "extraordinary circumstances" prevented petitioner's filing.  *Pace v. DiGuglielmo*, 544 U.S.

14  408, 418, (2005) (*citing Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

15          Petitioner provides no argument to excuse his late filings.  Accordingly, petitioner fails to

16  show that equitable tolling applies to this action.  The one year time frame found in 28 U.S.C. §

17  2244(d)(2) prevents the Court from considering this petition on the merits.  The Court

18  recommends dismissal of this petition without reaching or addressing the merits as petitioner did

19  not file his petition in a timely manner.

20                          CERTIFICATE OF APPEALABLITY

21          Petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

22  court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

23  (COA) from a district or circuit judge.  A certificate of appealability may issue only if petitioner

24

1  has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. §

2  2253(c)(2).  Petitioner satisfies this standard "by demonstrating that jurists of reason could

3  disagree with the district court's resolution of his constitutional claims or that jurists could

4  conclude the issues presented are adequate to deserve encouragement to proceed further."

5  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484

6  (2000)).  Pursuant to this standard, this Court concludes that petitioner is not entitled to a

7  certificate of appealability with respect to this petition.

8          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

9  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

10  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

11  review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit

12  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

13  February 27, 2015, as noted in the caption.

14          Dated this 2nd day of February, 2015.

15

16          J. Richard Creatura
            United States Magistrate Judge

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 7